**TOTAL PETROLEUM, INC., Plaintiff,**

v.

**Gary J. DAVIS, d/b/a Gary J. Davis Oil Company, Defendant.**

No. S83–0219C.

United States District Court,
E.D. Missouri,
Southeastern Division.

Oct. 6, 1986.

See also 647 F.Supp. 1058.

William A. Richter, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., Arthur L. Smith, Peper, Martin, Jensen, Maichel & Hetlage, Washington, D.C., for plaintiff.

James E. Reeves, Ward & Reeves, Caruthersville, Mo., David W. Keathley, Poplar Bluff, Mo., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WANGELIN, District Judge.

Pursuant to the Mandate and Opinion of the Court of Appeals, the above case was submitted to the Court on the merits on September 30, 1986, the parties having waived trial by jury and the Court after hearing the evidence and considering the statements and arguments of counsel, makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1—The Court finds that the prior trial and opinion of the Court of Appeals affirming the Counterclaim of defendant, "Davis" has determined that plaintiff, "Total" fraudulently misrepresented that $333,-705.31 was due "Total" on September 21, 1981, and "Total" now seeks to recover an additional indebtedness of $155,598.82 which it claims accrued prior to September 21, 1981.

2—The Court finds that "Total" is equitably estopped from claiming the additional $155,598.82 was due on September 21, 1981, and cannot now change its position and claim the indebtedness to be any greater on the date of the misrepresentation and that the only recovery which "Total" may make in this action is for petroleum products which were obtained or furnished to "Davis" after the date of the misrepresentation.

3—The Court finds that "Total" furnished $173,742.36 in petroleum products to "Davis" after September 21, 1981, and that "Davis" has paid to "Total" the sum of $155,598.82 for said products, leaving a net balance of $18,143.54 due "Total".

4—The Court finds that "Total" improperly attempted to credit and apply the payments made by "Davis" after September 21, 1981, in satisfaction of "Total's" claim for indebtedness in excess of $333,705.31,

and that by reason of estoppel, "Total" cannot mis-apply the said payments to the indebtedness for which it is estopped from demanding.

5—The Court finds that the amount of "Total's" claim and the amount of "Davis'" Counterclaim was uncertain and not ascertainable with reasonably certainty prior to judgment and therefore, neither "Total" nor "Davis" is entitled to pre-judgment interest.

6—The Court finds that the judgment on the Counterclaim entered on April 4, 1985, in the amount of $732,000.00 should be reduced by $18,143.54, leaving a balance due on the judgment in the amount of $713,856.46, and that "Davis" is entitled to statutory interest on $713,856.46 computed in accordance with 28 U.S.C.A. § 1961(a) from April 4, 1985, and compounded annually in accordance with 28 U.S.C.A. § 1961(b).

### CONCLUSIONS OF LAW

1—"Total" fraudulently misrepresented that the amount due from "Davis" on September 21, 1981, was $33,705.11 and the law will not allow "Total" to change its position and now claim that $155,598.82 more than that amount was due. *Buder vs. Denver National Bank*, 151 F.2d 520 (8th Cir.1945).

2—"Davis" is indebted to "Total" on "Total's" claim for goods and services in the amount of $18,143.54, accruing after September 21, 1981.

3—The counterclaim against "Total" in the amount of $732,000.00 should be reduced in accordance with the Opinion of the Court of Appeals by the amount of $18,-143.54, leaving a balance due on said judgment of $713,856.46.

4—That a single judgment should be entered against "Total" on the counterclaim in the amount of $713,856.46.

5—That the amount of "Total's" claim having been allowed as an off-set or deduction on "Davis'" counterclaim, "Total" is entitled to no further recovery on its claim against "Davis".

6—That judgment of $713,856.46 shall bear interest from April 4, 1985, compounded annually in accordance with 28 U.S.C.A. § 1961(a) and (b). Neither "Total" nor "Davis" is entitled to pre-judgment interest because the respective amounts of their claims were not ascertainable with reasonable certainty prior to judgment. *Cedar Point Apartments vs. Cedar Point Inv.*, 756 F.2d 629 (Eighth Cir.1985).

7—Costs of these proceedings should be taxed against "Total".

8—Judgment shall be entered in accordance with the Findings of Fact and Conclusions of Law.